PUERTO RICO HOUSING AUTHORITY, Plaintiff, Appellee and Appellant, *v.* SATURNINA SAGASTIVELZA ÁLVAREZ ET AL., Defendants, Appellants and Appellees.

No. 10173.   Argued May 15, 1950.—Decided May 23, 1950.

*Rafael B. Pérez Mercado* and *E. Rivera Maldonado* for appellee-apellant.   *Arturo Ortiz Toro* for Saturnina Sagastivelza, appellant-appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On December 8, 1944, the Puerto Rico Housing Authority filed in the District Court of Arecibo a complaint against Sa-

turnina Sagastivelza Alvarez *et al.*, for the condemnation of a property having an area of 38.24 cuerdas situated in the Municipality of Utuado. Three days later it also filed a declaration of taking for the acquisition and material delivery of the property accompanied by a certified check for $10,702, which it considered constituted the reasonable value of the property sought to be condemned. On that same day the district court entered an order declaring that the title of ownership to the property described in the complaint was vested in the plaintiff from the time the declaration of taking was filed and the above sum was deposited in court. The defendants answered accepting certain facts, denying others, and setting up some special defenses which for the purposes of this opinion it is unnecessary to specify. Although not clear from the record, we infer that it was under the provisions of § 4 of Act No. 223 of May 15, 1948, pp. 774, 778, that the case was transferred to the Court of Eminent Domain of Puerto Rico. After a trial on the merits, during which abundant evidence was offered, said court rendered judgment on June 6, 1949, declaring the property involved herein definitively condemned, and fixing the sum of $14,400 as the total compensation to be paid for said property and its appurtenances. From that judgment both the plaintiff and the defendants appealed.

After the transcript of the record was sent to this Court and the briefs of the plaintiff, as appellee and of defendants as appellants were filed, the defendant Saturnina Sagastivelza Alvarez filed in this Court a "Motion requesting the reversion of the title and possession of the property." After setting forth most of the facts above stated, she substantially alleges that although five years and four months have elapsed since the filing of the complaint, and nine months since judgment was rendered ordering as definitive, the condemnation, the plaintiff has not made use of the property mentioned in the complaint; that according to § 7 of the Eminent Domain Act of March 12, 1903 (Laws of 1903, p. 50; Revised Sta-

tutes of 1911, p. 84), in force at the time this action was brought, if the condemnor fails to make use of the property condemned within the term of six months, when no term is fixed to run from the date of the final order, the party dispossessed may recover the property by returning the amount received;[1] that the plaintiff has not made use of the property definitively condemned by virtue of the judgment of June 6, 1949; and that according to defendants' best information and belief, the plaintiff has leased the property in question to a third person for the planting of truck gardening, that is, for a purpose other than that for which it was condemned.

The plaintiff opposed that motion alleging among other things that at the present time the only right of the owner of the condemned property is that granted to him by § 1 of Act No. 441 of May 14, 1947 (p. 920), as amended by Act No. 375 of May 14, 1949 (p. 1148) consisting in a preferential right to reacquire said property when the condemnor "decides to alienate, in whole or in part, the properties condemned";[2] and that in the hypothesis that the validity of the repealed Act could be upheld, it requested this Court to

---

[1] Section 7 of the Eminent Domain Act of 1903, as amended by Act of March 12, 1908 (p. 94) and as it was in force until it was repealed by § 3 of Act No. 105 of May 7, 1948 (pp. 240, 246) provided that:

"In all cases of condemnation, sale, transfer or voluntary alienation of property for the performance of a work of public utility, whenever such work is not completed within the time fixed by the concession, or, in case no time is so fixed, within the term of six months, counting from the date on which the final decision ordering the condemnation was rendered, the party dispossed or who voluntarily sold, transferred or encumbered his right of ownership shall have a right of action to recover the property condemned, returning the amount received."

[2] Section 1 of Act No. 441 of 1947, as amended by Act No. 375 of 1949, *supra*, recites insofar as pertinent thus:

"All natural or artificial persons against whom condemnation proceedings were prosecuted by The People of Puerto Rico or by any of the departments, agencies, or instrumentalities thereof, shall have the preferential right to reacquire possession of and title to said properties whenever The People of Puerto Rico or the department, agency, or instrumentality thereof which has the title to said property registered in its name, decides to alienate, in whole or in part, the properties condemned; . . . ."

review the interpretation given to said § 7 in *Puerto Rico Housing Authority* v. *District Court*, 68 P.R.R. 50.

Shortly before a hearing on the motion of defendant Sagastivelza Alvarez, set at her request, was held, the plaintiff filed a supplemental motion whereby it alleges that this Court lacks jurisdiction to take cognizance and decide said motion in the first instance, as an incident to the appeal.

■ Jurisdictional questions are privileged and should be decided with preference, and when the court lacks jurisdiction it is its duty to so declare. *Pérez* v. *District Court*, 70 P.R.R. 624; *López* v. *District Court*, 68 P.R.R. 291, 294. Consequently, we shall discuss below the jurisdictional questions raised.

■ Section 1 of the Act entitled "An Act establishing the Supreme Court of Puerto Rico as a court of appeals," approved on March 12, 1903, p. 59, (Revised Statutes of 1911, p. 241) provides "That the Supreme Court of Puerto Rico shall hereafter be a court of appeals and not a court of cassation . . ." In view of this provision, this Court has mainly entertained appeals under the different statutes authorizing appeals to this Court. In entertaining such appeals we have repeatedly held that this Court will not consider or decide any question not raised or decided by the court or administrative body from whose judgment or decision the appeal has been taken. *Figueroa* v. *Guerra*, 69 P.R.R. 565, 573; *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 P.R.R. 521; *Flores* v. *Silva*, 60 P.R.R. 363; *McCormick* v. *McCormick*, 52 P.R.R. 669. Was the question now before us by virtue of the "Motion requesting the reversion of the title and possession of the property" raised or decided by the Court of Eminent Domain of Puerto Rico? Unquestionably not. The parties so admitted it at the hearing. Consequently, we should not consider the motion as an integral part of the appeal before us.

■ On the other hand, although this Court has original jurisdiction to take cognizance of particular causes, it has

always exercised it under legislation expressly approved to that effect. See among others, § 2 of Act No. 47 of August 7, 1935 (Spec. Sess. Laws, p. 530), amending the Quo Warranto Proceedings Act; the Acts establishing the writ of mandamus, prohibition, certiorari and injunction, (§§ 649 to 689 of the Code of Civil Procedure, 1933 ed.); Act of March 10, 1904 (p. 134), conferring original jurisdiction on this Court to entertain suits involving certain property claimed by the Catholic Church; § 471 of the Code of Civil Procedure in connection with the writ of habeas corpus; Act No. 17 of June 10, 1939 (Spec. Sess. Laws, p. 50) to regulate the admission of attorneys to practice law; and Act No. 58 of April 29, 1930, relative to the manner in which district judges may be removed.

As defendant's motion does not raise a question over which this Court has original jurisdiction by express provision of law, we should not entertain it in the first instance either.

An order will be entered overruling the motion.

Mr. Justice Snyder did not participate herein.